## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| POSITIVE T. A. NELSON, GARY UDHWANI and BRENDA CHARLES<br><br>Plaintiffs,<br><br>v.<br><br>CAROLINE FAWKES IN HER OFFICIAL CAPACITY AS THE SUPERVISOR OF ELECTIONS FOR THE VIRGIN ISLANDS and THE VIRGIN ISLANDS TERRITORIAL BOARD OF ELECTIONS<br><br>Defendants. | 1:18-CV-<br><br>**ACTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DECLARATORY RELIEF** |

## **VERIFIED COMPLAINT**

**COME NOW**, the Plaintiffs Positive T. A. Nelson, Gary Udhwani, and Brenda Charles by and through their undersigned attorney, and for their Complaint state and allege as follows:

## **JURISDICTION AND VENUE**

1. Plaintiff Positive T.A. Nelson ("Senator Nelson") is a registered Virgin Islands voter and is a resident of St. Croix, Virgin Islands.

2. He is not enrolled as a member of a party within the meaning of 18 V.I.C. §108(a).

3. He is not enrolled or registered with the Elections System of the Virgin Islands as a member of any party (i.e., he is listed as "no party").

4. He is a candidate, or seeks to be a candidate, for governor of the U.S. Virgin Islands in the election to be held on November 6th, 2018.

5. Gary Udhwani ("Udhwani") is and has been a registered Virgin Islands voter since 1995 and is a resident of St. Thomas.

6. Udhwani is not enrolled as a member of a party within the meaning of 18 V.I.C. §108(a).

7. Udhwani is not enrolled or registered with the Elections System of the Virgin Islands as a member of any party (i.e., he is listed as "no party").

8. Udhwani is a candidate, or seeks to be a candidate, for lieutenant governor of the U.S. Virgin Islands in the election to be held on November 6th, 2018.

9. Plaintiff Brenda Charles ("Charles") is a citizen and resident of St. Croix, U.S. Virgin Islands and is a registered voter in the territory.

10. She is registered with the Elections System of the Virgin Islands as a member of the Democratic Party.

11. Plaintiffs filed petitions nominating them as candidates for governor and lieutenant governor for the general election on November 6th, 2108, as more fully set forth herein. See **Exhibit 1.**

12. Defendant Caroline F. Fawkes ("Fawkes") is the Supervisor of Elections for the Virgin Islands pursuant 18 V.I.C. §4, and is a resident of St. Croix, Virgin Islands. At all times referred to herein, Defendant Fawkes was acting under color of law and subjected the Plaintiffs to deprivation of rights, privileges, and immunities secured by the U.S. Constitution and the Revised Organic Act.

13. Defendant Caroline F. Fawkes ("Fawkes") is the Supervisor of Elections for the Virgin

Islands pursuant 18 V.I.C. §4, and is a resident of St. Croix, Virgin Islands.

14. At all times referred to herein, Defendant Fawkes was acting under color of law and subjected the Plaintiffs to deprivation of rights, privileges, and immunities secured by the U.S. Constitution and the Revised Organic Act.

15. Defendant Virgin Islands Territorial Board of Elections is the local body authorized to oversee the elections process generally, and the registration of electors specifically.

16. This Court has original jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, as Plaintiffs' claims arise under the Constitution and laws of the United States of America, and more specifically the First, Fourteenth, and Fifteenth Amendments of the United States Constitution, and the Revised Organic Act, 48 U.S.C §§1561, 1591.

17. Plaintiffs seek prospective injunctive and declaratory relief for the deprivation of their constitutional rights.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that Plaintiffs Senator Nelson and Udhwani and Defendant Fawkes all reside in this judicial district and the purported Notice of Disqualification pertaining to the nomination papers filed by Plaintiff Udhwani was issued by Defendant Fawkes on St. Croix.

## **FACTS**

19. Pursuant to the election law of the Virgin Islands codified at 18 V.I.C. § 93, once an elector has properly registered, that elector shall not be required to register again for any election or primary, unless his registration is canceled for the failure to vote in two

consecutive general elections as provided in 18 V.I. C. § 116.

20. Pursuant to 18 V.I.C. § 110 et. seq., at least once in each four years, the board shall conduct a check-up of each registered elector in the election district by any method deemed necessary.

21. The Board failed to notify Mr. Udhwani that, pursuant to its every four-year examination duty set forth in 18 V.I.C. § 110, it had examined the registers and found that he had not voted at the past two general elections and provided him notice to re-register in accordance with 18 V.I.C. § 116.

22. Pursuant to title 18 V.I. C. § 116, cross-referenced in title 18 V.I.C. § 93, before the Board of Elections makes a decision to cancel an elector's registration for failure to vote at two consecutive general elections, the Board **must have notified** that elector "that the records of the Board indicate that he [or she] has not voted at the last two general elections and that his registration **will be canceled at the expiration of 30 days** from the date of notice unless he [or she] within that period file with the board either personally or by mail a written request for reinstatement of his resignation, setting forth his place of residence, and signed by him." 18 V.I. C. § 116, emphasis added.

23. Only after such **notice** and the **expiration of thirty-days** without a request for reinstatement by the elector, is the Board authorized to cancel the elector's registration.

24. The Board has never notified Udhwani as required by 18 V.I. C. §§ 110 and 116 that

his registration was subject to be canceled for failure to vote at two consecutive general elections.

25. The Board did not give Udhwani the legally mandated thirty-days notice to request to be reinstated in accordance with 18 V.I. C. § 116.

26. Pursuant to 18 V.I.C.§346(1), relied upon by Defendant Fawkes, and applicable only to primary elections, a nomination petition may be submitted on one or more sheet and each sheet shall have appended thereto the affidavit of a person, not necessarily a signer, and not necessarily the same person on each sheet, setting forth: (1) that the affiant is a qualified elector of the territory of the Virgin Islands, or of the election district, as the case may be, referred to in the petition.

27. Plaintiffs were unaffiliated with any party and were not subject to the mandates of 18 V.I.C.§346(1) as it relates to candidates affiliated with identified parties.

28. Pursuant to 18 V.I.C. §381, electors of the territory may nominate candidates for public office. This nomination process is in addition to party nominations originating from party primaries for unaffiliated candidates outside of a party primary.

29. Plaintiff Udhwani signed a nominating petition for Senator Nelson and Udhwani, nominating them for the offices of governor and lieutenant governor, respectively, demonstrating his wish to vote for his team and to have the opportunity for the citizens of the U.S. Virgin Islands to vote for them in the general election to be held on November 6th, 2018.

30. Pursuant to 18 V.I.C. §381(b), where the nomination is for an office to be filled by the

vote of the electors of the territory at large, the nomination paper shall be signed by at least 100 qualified electors of each of at least two election districts.

31. Pursuant to 18 V.I.C. §381(c), any qualified elector may sign the nomination petitions/papers for a candidate who is running for office outside of a party primary.

32. As a result, voters who are registered as Democrats, Republicans, Independent Citizen's Movement, and no party may all sign the nomination petitions/papers of such candidates.

33. Plaintiff Senator Nelson selected Plaintiff Udhwani as his running mate and candidate for lieutenant governor, and nomination papers were circulated for the affixing of the required 100 signatures.

34. More than 100 Virgin Islands citizens affixed their signatures to the nomination papers expressing their support for the candidacy of the Plaintiffs.

35. On May 8, 2018, at 11:53 a.m., Plaintiff Udhwani, picked up his nomination papers from the elections office on St. Thomas and the office's agents provided him the same without any mention of a canceling of Udhwani's registration and also gave him a copy of the Candidate affidavit form for him to sign and submit.

36. In the afternoon of May 8, 2018, before the 6:00 p.m. submission deadline, Mr. Nelson returned to the office to file his nomination papers with the required number of signatures affixed thereto, and with his completed Circulator Affidavit.

37. Mr. Nelson was then informed that the office now could not find Mr. Udhwani in the elections system and he was required to go through the process prescribed by the

office to be reinstated.

38. Mr. Udhwani immediately complied and was provided his voter registration card as evidence that he had been reinstated.

39. The nominating papers were submitted and accepted by the elections office on a timely basis on May 8, 2018 at 5:30 p.m.

40. Plaintiffs fully complied with all requirements of Virgin Islands law to be listed as candidates for governor and lieutenant governor.

41. On May 21, 2018, after hearing rumors on the public airways that his candidacy might be in jeopardy more than two weeks since his nomination papers were submitted and accepted, Senator Nelson visited the elections office and was given a document dated May, 21, 2018, titled "Notice to Candidate".

42. Said Notice was signed by Defendant Fawkes.

43. In the body of said Notice to Candidate was written in bold language, **"NOTICE OF DISQUALIFICATION." See Exhibit 2.**

44. The Notice of Disqualification provided that pursuant to 18 V.I.C.§ 411(b), Senator Nelson's team was disqualified as governor and lieutenant governor candidates for the 2018 elections.

45. The reasons provided for the disqualification were as follows:
    a. VIC 18, section 346 – Composition of Petition; Affidavit of Circulator. Statement number (1) Clearly reads – "That the affiant is a qualified elector of the territory of the Virgin Islands, Election District of St. Thomas/St. John".

    b. The Affidavit of Circulator received for Mr. Gary Udhwani [sic] Was dated May 8, 2018. The first person to sign the Nomination Paper [sic] Signed on April 11,

    2018.

    c. Mr. Udhwani registered to vote on May 8, 2018 [sic] At 5:30 P.M. [sic] therefore, he was not a Qualified Elector on April 11 nor any dates prior to May 8th.

    d. Most of the [sic] Signatures on your Lieutenant Governor Candidate Nomination Paper were prior [sic] To May 8th.

    e. Mr. Udhwani picked up the Nomination Papers in the St. Thomas Election Office on May 8, 2018 at 11:53 a.am.

    f. Based on the above [sic] mention reasons, the Nomination Papers submitted by Mr. Gary Udhwani [sic] is not valid. Therefore, your Team is [sic] Disqualified from the 2018 [sic] Elections.

46. Pursuant to 18 V.I.C.§ 411(a), the Supervisor of Elections or his deputy shall examine forthwith the nomination papers filed and shall permit them to be examined by any interested citizen.

47. Pursuant to 18 V.I.C.§ 411(b), if the Supervisor determines that a candidate for election or nomination does not meet the qualifications established by law for the office, then he shall disqualify such candidate and delete the candidate's name from the ballot if the ballots have not been printed.

48. Pursuant to 18 V.I.C.§ 411(c), when a nomination paper is found to be defective the candidate shall be notified immediately by special messenger with the reason or reasons therefor. If a new, valid petition, paper or certificate is not filed within three days thereafter the candidate shall be disqualified for nomination or election.

49. Pursuant to 18 V.I.C. § 412, all nomination petitions and nomination papers received and filed under this chapter, and accepted after the examination required by section 411 of this title, shall be deemed to be valid, unless, within five days after the last day

for filing such nomination petition or papers, a petition is presented to the district court, specifically setting forth the objections thereto, and praying that such petition or paper be set aside.

50. Plaintiffs were not notified of any defect with their nomination papers in accordance with 18 V.I.C. § 411 (c) after the expedited examination of the papers required by 18 V.I.C. § 411 (a).

51. Plaintiffs were not notified that they had three days to cure a defect in their nomination papers in accordance with 18 V.I.C. § 411 (c).

52. Plaintiffs were not notified within five days after the last day for filing such nomination petition or papers that any objections had been lodged seeking the setting aside of their nomination papers and understood their petition to be valid by operation of law as set forth in 18 V.I.C. § 412 and by the lack of notification that the Supervisor had found any defect in their nomination papers.

53. The first time Plaintiffs became aware that their nomination papers had been deemed defective, was when Senator Nelson <u>visited</u> the elections office and was given a document dated May, 21, 2018, titled "Notice to Candidate" from Defendant Fawkes.

54. Despite communications to Defendant Fawkes to reconsider her decision or to provide the statutory time to cure any defect, she refused to reconsider her decision deeming the matter to be out of her hands. **Exhibit 3.**

55. Because Defendant Fawkes represented that the matter had been referred to the Territorial Board of Elections, Plaintiffs appealed her decision to the Board.

56. The Board has not responded to Plaintiffs' appeal.

57. On June 5, 2018, Defendant Fawkes published the list of electors certified for the 2018 election and did not include the Plaintiffs' name on that list.

58. The actions of Defendant Fawkes of disqualifying Senator Nelson and Udhwani from vying for the offices of governor and lieutenant governor violate the clear election laws of the Virgin Islands, the United States constitution as set forth herein, and disenfranchises their supporters.

59. Plaintiffs will suffer permanent and irreparable injury if Defendant Fawkes is not restrained from disqualifying them and ordered to place them on the official ballot.

60. Plaintiffs have no adequate remedy at law.

## FIRST CAUSE OF ACTION
## CONSTITUTIONAL RIGHTS VIOLATION-PROSPECTIVE INJUNCTIVE RELIEF

61. Senator Nelson, an independent candidate, has chosen to select Udhwani as his running-mate to seek election to the offices of governor and lieutenant governor, respectively, and has a constitutional right to associate with the candidate of his choice and to due process and fairness in the election process, rights that have been swatted away with the stroke of a pen by Defendant Fawkes without much consideration of the gravity of such a decision and without affording Plaintiffs due process of law.

62. Gary Udhwani, an independent candidate, has chosen to join Senator Nelson as his running-mate to seek election to the offices of governor and lieutenant governor,

respectively, and has a constitutional right to vote for, to associate with the candidate of his choice, and to due process and fairness in the election process, rights that have been swatted away with the stroke of a pen by Defendant Fawkes without much consideration of the gravity of such a decision and without affording Plaintiffs due process of law.

63. The constitutional right to freely associate, to vote, to due process and fairness guaranteed to the citizens of the United States Virgin Islands by the First (right to freely associate, assemble, and vote), Fourteenth (equal protection and due process), and Fifteenth Amendment to the United States Constitution, made applicable to the Virgin Islands pursuant to 48 U.S.C.A. §1561 (Revised Organic Act), is being violated by Defendant Fawkes in her continuing impermissible decision to remove the Plaintiffs' name from the ballot for the 2018 general elections, without due process to be heard and cure any defect reported in their nomination papers.

64. Plaintiffs are entitled to the issuance of a temporary restraining order and preliminary and permanent injunctive relief restraining Defendant Fawkes from disqualifying them from nomination and requiring Defendant Fawkes to place them on the official 2018 ballot.

## SECOND CAUSE OF ACTION
## CONSTITUTIONAL RIGHTS VIOLATION – DECLARATORY RELIEF

65. Plaintiffs seek a judgment declaring that:

   a. 18 V.I.C.§346(1) relied upon by Defendant Fawkes to disqualify the Nelson/Udhwani candidacy for governor and lieutenant governor in the 2018

elections is inapplicable insofar as the Plaintiffs are running as independent candidates and are not subject to the provisions of this rule governing the primary elections;

b. Nelson/Udhwani and other candidates for the offices of the governor and lieutenant governor, nominated pursuant to 18 V.I.C. § 381 cannot be disqualified by the Supervisor of Elections under 18 V.I.C. § 411 unless and until they have been notified that their nomination papers are defective and given an opportunity to cure in accordance with 18 V.I.C. § 411(c);

c. The Territorial Board of Elections and its predecessor in interest cannot and could not cancel any elector's registration until and unless it has done so in accordance with 18 V.I.C. §§ 93, 110, and 116;

d. Because either the Territorial Board of elections or its predecessor failed to: (1) notify Plaintiff Udhwani that it had inspected the election registers and found his registration subject to cancellation for the failure to vote in the two previous general elections; and (2) given Mr. Udhwani the opportunity to cure by expressing his intent to be reinstated in accordance with 18 V.I.C. § 116, the cancellation of his registration was invalid;

e. Because the Board's cancellation of Mr. Udhwani's registration was invalid, Mr. Udhwani's nomination papers that were submitted with his Affidavit of Circulator were not defective and he was indeed a qualified elector with the right to vote and be voted for in the 2018 elections; and

  f. The signatures affixed to the nomination papers prior to May 8, 2018, were valid and properly submitted.

Wherefore, Plaintiffs pray for a judgment against the Defendants as follows:

A.  For temporary restraining order and preliminary and permanent injunctive relief enjoining the Defendants and all others acting by, through, or in concert with Defendant Fawkes, from disqualifying them from nomination or election in the November 6, 2018 general elections;

B.  For declaratory relief declaring that Senator Nelson and Gary Udhwani have met the requirements of 18 V.I.C. § 381 for placement on the ballot for the November 6, 2018 general elections as candidates for governor and lieutenant governor, respectively;

C.  For declaratory relief that any action taken against the Plaintiffs to prevent them from appearing on the November 6, 2018 ballot based on the Board's failure to notify Mr. Udhwani of the possibility of cancellation of his registration and failure to give him thirty days from the date of the notice to express his intent to be reinstated, was unconstitutional, invalid and had no effect of the registration status of Mr. Udhwani as a qualified elector on May 8, 2018.

D.  For declaratory relief declaring that Defendant Fawkes may not disqualify the Plaintiffs or any candidate under 18 V.I.C. § 411 (b) if she has not provided the Plaintiffs or candidates their due process right to cure pursuant to 18 V.I.C. § 411 (c).

E.  For declaratory relief declaring that even if Senator Nelson and Gary Udhwani's

nomination papers were invalid on May 8, 2018, that they are entitled to an opportunity to cure in accordance with 18 V.I.C. § 411 (c).

D.   For the costs of this action, including a reasonable attorney's fee; and

E.   For such other and further relief that the Court may deem just and proper.


**DATED:** June 11, 2018                         RESPECTFULLY SUBMITTED
                                                 By: Law Office of Trudy Fenster, P.C.,
                                                 *Attorney for the Plaintiff*

                                                 By: /s/ Trudy Fenster, Esquire
                                                 Trudy Fenster, Esq.
                                                 V.I. Bar No. 1031
                                                 2157 King Cross Street, STE 2
                                                 Christiansted, VI  00820
                                                 Telephone: (340) 244-4689
                                                 Email: trudy@injurylawvi.com


## CERTIFICATE OF NOTICE

**THIS IS TO CERTIFY** that on June 11, 2018, I gave notice to the Defendants by emailing a copy of this Verified Complaint and the Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law in Support of the Motion to the following:

Caroline F. Fawkes:
caroline.fawkes@vi.gov.

Board of Elections
Terrell.alexandre@boel.vi.gov

Office of the Governor:  Emile Henderson III, Esq., Chief Legal Counsel:

emile.henderson@go.vi.gov
Attorney General of the Virgin Islands:
Claude Walker, Esq.,
emile.henderson@go.vi.gov

                                        BY:  ___s/ Trudy Fenster_____(tf)

## VERIFICATION

I, **Positive T.A. Nelson**, being duly sworn, state that I have read the allegations contained in the foregoing **VERIFIED COMPLAINT**, and know them to be true and correct to the best of my knowledge and belief.

_____
Positive T.A. Nelson

SUBSCRIBED AND SWORN to before me this _11_ day of _June_, 2018

_____
Notary Public

My Commission expires on _February 8, 2021_

ALVA L. STAPLETON
Notary Public - St. Croix, USVI
My Comm. Expires February 8, 2021
Commission # NP-12-17

## VERIFICATION

I, **Gary Udhwani**, being duly sworn, state that I have read the allegations contained in the foregoing **VERIFIED COMPLAINT**, and know them to be true and correct to the best of my knowledge and belief.

_____
Gary Udhwani

SUBSCRIBED AND SWORN to before me this _11_ day of _June_, 2018

_____
Notary Public

My Commission expires on _February 8, 2021_

ALVA L. STAPLETON
Notary Public - St. Croix, USVI
My Comm. Expires February 8, 2021
Commission # NP-12-17

## **VERIFICATION**

I, **Brenda Charles**, being duly sworn, state that I have read the allegations contained in the foregoing **VERIFIED COMPLAINT**, and know them to be true and correct to the best of my knowledge and belief.

_____
Brenda Charles

SUBSCRIBED AND SWORN to before me
this ___11___ day of ___June___, 2018

_____
Notary Public

My Commission expires on ___February 8, 2021___

ALVA L. STAPLETON
Notary Public - St. Croix, USVI
My Comm. Expires February 8, 2021
Commission # NP-12-17